**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FREEMAN & HASSELWANDER
RESORT PROPERTIES, L.L.C.,

Plaintiff,

v. Case No. 2:26-cv-2077-KCD-KRH

GLENN DOCTER,

Defendant/Third-Party Plaintiff,

v.

ARC ISLAND MARINE, LLC d/b/a
ARC MARINE CONTRACTING and
ACRA ELECTRIC, INC.,

Third-Party Defendants.
_______________________________/

# Order

Before the Court is Defendant/Third-Party Plaintiff's Motion to Transfer and Consolidate. (Doc. 26). Plaintiff filed a limited opposition. (Doc. 28). The Motion is granted as to transfer and denied without prejudice as to consolidation.

This action is related to another pending here—*Geico Marine Ins. v. ARC Island Marine, LLC*, No. 2:26-cv-1203-KCD-NPM (M.D. Fla.). Both actions relate to an incident in which a boat fell off its lift at a marina. But the remedies in these cases differ, given who is seeking damages in each. The cases are proceeding on the same scheduling tracks. While *Geico* will have a jury, this case will be a bench trial.

As to transfer, the Motion is granted. Judge Dudek is the assigned district judge on both cases. But the magistrate judges differ. Nobody opposes the transfer to Judge Mizell (who has the first-filed case). Given the overlapping facts and parties, there is obvious inefficiency and potential inconsistencies in assigning different judges. So, for the magistrate judge assignment, this action is transferred to Judge Mizell—with his gracious consent.

As to consolidation, the Motion is denied without prejudice. Whether to consolidate is a discretionary call. Fed. R. Civ. P. 42(a); *see also* M.D. Fla. Local R. 1.07(b). Various factors guide judges in exercising that discretion. *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 104, 1313 (11th Cir. 2017).

The Court considered these factors alongside the briefing, argument at the Rule 16(b) Conference, and review of both dockets. At this time, the Court does not believe it should exercise its discretion to consolidate.

The most apparent efficiencies to be gained through consolidation relate to discovery. Best the Court can tell, however, counsel for the parties in both cases will work well together to resolve common discovery matters without formal consolidation. The cases will now proceed before the same judges. And the cases are already scheduled on parallel tracks. Plus, the fact that each case would have different fact-finders at trial raises possible issues. There are simply few savings that the Court can foresee right now through consolidation.

That said, the parties in both cases should strongly consider mediating together. With the overlapping facts and mediator selected, the Court encourages

all sides to seek a global resolution of this incident through joint mediation. Separate from that, if something changes in either case that affects the consolidation calculus, any party may raise the issue again.

**ORDERED**:

1. Defendant/Third-Party Plaintiff's Motion to Transfer and Consolidate (Doc. 26) is **GRANTED and DENIED in part.**

2. The request to transfer is **GRANTED**.

   a. The Clerk is **DIRECTED** to transfer this case to Judge Mizell as the assigned magistrate judge.

3. The request to consolidate is **DENIED without prejudice**.

   a. The parties should consider mediating both cases together to encourage a possible global resolution of the disputes.

   b. If something changes and there are possible efficiencies to be gained from consolidation, a party may raise the issue again.

In Fort Myers, Florida, on October 2, 2026.

Kevin R. Huguelet
United States Magistrate Judge